IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-CR-160-F |
| | ) | |
| SHANNON MARIE LORENZO | ) | CR. NO. 2:05-CR-160-LSC |
| | | CR. NO. 2:06-CR-33-F |

## PLEA AGREEMENT

DEFENSE COUNSEL:          RICHARD KEITH

ASSISTANT U.S. ATTORNEY:   VERNE H. SPEIRS

## COUNTS AND STATUTES CHARGED:

Count 1      18 U.S.C § 1958
Whoever travels in or causes another to travel in interstate or foreign commerce . . . with the intent that a murder be committed in violation of the laws of any state as consideration for a promise or agreement to pay anything of pecuniary value shall be imprisoned not more than 10 years.

Information   18 U.S.C § 2252A(a)(1)
Any person who knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography shall be fined under this title and imprisoned not less than 5 years and not more than 20 years.

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1      21 U.S.C § 1958
Whoever travels in or causes another to travel in interstate or foreign commerce . . . with the intent that a murder be committed in violation of the laws of any state as consideration for a promise or agreement to pay anything of pecuniary value shall be imprisoned not more than 10 years.

Information   18 U.S.C § 2252A(a)(1)
Any person who knowingly mails, or transports or ships (including attempt or conspiracy) in interstate or foreign commerce by any means, including by computer, any child pornography shall be fined under this title and imprisoned not less than 5 years and not more than 20 years.

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1          18 U.S.C. § 1958:
                 NMT 10Y;
                 NMT $250,000 or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

Information      18 U.S.C § 2252A(a)(1)
                 NLT 5Y and NMT 20Y
                 NMT $250,000 or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

## ELEMENTS OF THE OFFENSE:

Count 1          **18 U.S.C. § 1958**:

   1.   Defendant traveled in interstate commerce;

   2.   Defendant traveled in said interstate commerce with intent that a contract murder be committed.

Information      **18 U.S.C § 2252A(a)(1)**

   1.   That the Defendant knowingly or mailed (including attempt or conspiracy) in interstate commerce or foreign commerce an item or items of "child pornography" as charged; and

   2.   That at the time of such mailing the Defendant believed that such items constituted or contained "child pornography."

* * * * * * * * * * * * * * * * * * * * * *

Verne H. Speirs, Assistant United States Attorney, Glenn Goggans, Chief Deputy District Attorney for the 19th Judicial Circuit, and Richard Keith attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards

reaching a pretrial conclusion of the charges pending in the Indictment and Information herein and a Plea Agreement has been reached by said parties in the following respects:

**GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offenses charged in the Indictment and Information, the attorney for the government will do the following:

a. The government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and this Court to allocate their resources efficiently, and if defendant otherwise qualifies, the government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

b. The government will agree that a reduction in the applicable sentencing pursuant Rule 11, Federal Rules of Criminal Procedure, the Federal Sentencing Guidelines §5K1.1 and/or Rule 35, Federal Rules of Criminal Procedure, for Substantial Assistance to Authorities may be appropriate contingent upon the totality of the defendant's assistance. The government will have sole discretion in exercising its authority as to the timing and amount of the recommended departure.

3

c. The parties agree that a sentence between 180 and 210 months imprisonment is the appropriate disposition of this case. Should defendant's sentence exceed 180 months imprisonment, the defendant shall have the **option** to withdraw from the plea and proceed to trial. It is the express intention of both parties that the range of 180 to 210 months imprisonment account for any and all applicable criminal history points or applicable Guideline enhancements. The parties understand that if defendant's sentence exceed 210 months, defendant will likely withdraw from this plea agreement and proceed to trial. The parties understand that if defendant exercises her option to withdraw from this plea agreement for any reason (including withdrawal because her sentence exceeds 210 months), or if defendant breaches this plea agreement, the State of Alabama and the government are released from any recommendations or obligation under this plea agreement and may prosecute defendant for any and all applicable crimes. The United States makes no recommendation regarding where the defendant falls within any applicable Guideline range.

d. The State of Alabama will agree not to bring any State charges regarding child pornography, murder-for-hire or additional charges regarding theft of property.

e. The State of Alabama will agree that defendant's State sentence imposed in case number CC 05-057 will run coterminous and concurrent with her federal sentence.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

4

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing Court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or §5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

Nothing in this section shall be construed as a waiver of appeal based on ineffective assistance of counsel.

5

## DEFENDANT'S PROVISIONS

3.     The defendant agrees to the following:

a.     To plead guilty to the Indictment charging her with use of interstate commerce facilities in the commission of murder-for-hire, in violation of Title 18 U.S.C § 1958.

b.     To plead guilty to the Information charging her with knowingly mailing child pornography in interstate or foreign commerce, in violation of Title 18 U.S.C § 2252A(a)(1).

c.     To forfeit to the government any and all tools, equipment, electronics, film, videotape, paper, etc., that were used in the commission of a violation of Title 18 U.S.C § 2252A(a)(1).

d.     That any and all accusations regarding "CBB"'s possession of child pornography are false.

e.     To comply fully with the "Cooperation Agreement" as set forth below.

f.     Not commit any State, local or federal offenses.

g.     Waive appeal and collateral attack.

## FACTUAL BASIS

On or about March 8, 2005, Shannon Marie Lorenzo traveled in interstate commerce from Autauga County, Alabama to the State of Louisiana. While in the State of Louisiana, Shannon Marie Lorenzo, and her cousin Todd Silessi (then working on behalf of law enforcement) had a meeting with an individual Lorenzo believed to be a "hit-man" or an individual capable of performing a contract murder. During this meeting in the State of Louisiana, Lorenzo provided details about "CBB" and suggested methods of murdering "CBB" at his/her home in the State of Alabama, in violation of the laws of the State of Alabama, to-wit:

6

Title 13A-6-2, Murder. Lorenzo's purpose in having "CBB" murdered was to gain sole custody of a minor child. At a time after the meeting in the State of Louisiana, when Lorenzo believed "CBB" had indeed been murdered in the State of Alabama, Lorenzo agreed to the payment of United States currency as consideration and payment for the murder of "CBB". All in violation of Title 18, United States Code, Section 1958.

Furthermore, on or about February 9, 2004, Shannon Marie Lorenzo knowingly mailed and shipped or conspired to knowingly mail and ship, in interstate or foreign commerce, child pornography. This mailing contained knowingly false accusations regarding "CBB"'s possession of child pornography. All in violation of Title 18, United States Code, Section 2252A(a)(1).

## COOPERATION AGREEMENT

4.    The defendant agrees to make a good faith effort to assist the government in the investigation and prosecution of other persons involved in contract murders, murders-for-hire or the use of interstate commerce or facilities to commit murder, and the investigation and prosecution of other persons or sources of child pornography to include anyone engaged in producing, accessing, viewing, purchasing, downloading or distributing child pornography; and any other illegal activity of which the defendant has personal knowledge. **Merely providing information does not amount to substantial assistance.**

a.    The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The defendant understands that this agreement does not require her to implicate any other particular individual or individuals nor to "make a case," rather it

7

requires her to be truthful and to testify truthfully whenever called upon. The defendant agrees to make herself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the government upon reasonable request and to fully and truthfully respond to all questions asked of her by law enforcement officers and attorneys for the government. She agrees to fully and truthfully disclose to the government everything she knows about any and all documents and materials in her possession that relate to violations of any federal statutes and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the government if requested to do so.

b.    Provided that the defendant satisfies the terms of this plea agreement, any information that she truthfully discloses to the government during the course of her cooperation, concerning related offenses, will not be used against her, directly or indirectly. The defendant understands that this agreement does not bar her prosecution for capital felonies, perjury, false statements, and obstruction of justice.

c.    If the defendant has failed or should fail in any way to fulfill completely her obligations under this agreement, then the government and the State of Alabama will be released from its commitment to honor all of its obligations to her. Thus, if at any time she should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during her testimony before grand juries or in trials, then the government will be free to: (1) prosecute her for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute her for all violations of

8

federal criminal law which he has committed; (3) to use against her in all of those prosecutions and sentencings the Indictment/Information and documents that she has herself disclosed or furnished to the government during the course of her cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the Court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement. **Defendant further understands that upon any breach of this plea agreement, by the defendant, she will not be entitled to withdraw her guilty plea in this case**.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant, before entering a plea of guilty to the Indictment and Information as provided for herein by said Plea Agreement, advises the Court that:

        a.      The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

        b.      The defendant further understands that pursuant to Title 18, United States Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's

Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

      c.     The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      d.     The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      e.     The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      f.     Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is

voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h.    The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea only if the Court rejects the plea agreement.

i.    The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime(s) charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crime(s) charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the Court record, and in the presence of counsel.

j.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

11

6. The undersigned attorneys for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the U.S. Attorney.

12

This _20th_ day of January, 2006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Andrew O. Schiff
Deputy Chief, Criminal Division

Verne H. Speirs
Assistant United States Attorney

Glenn Goggans
Assistant District Attorney
19th Judicial District
State of Alabama

13

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

     IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, RICHARD KEITH.

SHANNON MARIE LORENZO
Defendant

1-20-06
Date

RICHARD KEITH
Attorney for the Defendant

1-20-06
Date