IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 2:05-CR-160-LSC |
| v. | ) | |
| | ) | |
| SHANNON MARIE LORENZO | ) | |

GOVERNMENT'S MOTION FOR SENTENCING
ENHANCEMENT PURSUANT TO §5K2.8 - EXTREME CONDUCT

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully moves for an enhancement pursuant to §5K2.8, Extreme Conduct, for Shannon Lorenzo, and as grounds therefore, states as follows:

1)  On January 20, 2006, Shannon Lorenzo pleaded guilty, pursuant to an 11(c)(1)(C) plea agreement, to murder for hire and mailing child pornography.  Lorenzo's crimes, as detailed in the factual basis of her plea agreement, involve attempting to hire a "hit-man" to kill her former husband; and, making knowingly false accusations of child pornography against her former husband.

2)  According to the plea agreement, all parties agreed that a sentence of 180 months was the appropriate disposition of the case.  However, Lorenzo retained the right to withdraw from the plea and proceed to trial if her sentence **exceeded** 180 months.

3)  According to United States Probation, Middle District of Alabama, Lorenzo's guideline calculation is currently a base offense level of 31 and a criminal history category of II. The guideline range of imprisonment is 121 to 151 months of imprisonment.  A sentence of 151

months is 29 months less than the agreed upon sentence of 180 months. Therefore, a 2 level increase pursuant to U.S.S.G §5K2.8 (Extreme Conduct) will establish a guideline range of 151 to 188 months. The United States respectfully requests a sentence of 180 months imprisonment.

    4) According to U.S.S.G 5K2.8 - Extreme Conduct -

> If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct.

To support an Extreme Conduct enhancement, the United States cites defendant's plea colloquy wherein she admits to the following facts:

> On or about March 8, 2005, Shannon Marie Lorenzo traveled in interstate commerce from Autauga County, Alabama to the State of Louisiana. While in the State of Louisiana, Shannon Marie Lorenzo, and her cousin Todd Silessi (then working on behalf of law enforcement) had a meeting with an individual Lorenzo believed to be a "hit-man" or an individual capable of performing a contract murder. During this meeting in the State of Louisiana, Lorenzo provided details about "CBB" and suggested methods of murdering "CBB" at his/her home in the State of Alabama, in violation of the laws of the State of Alabama, to-wit: Title 13A-6-2, Murder. **Lorenzo's purpose in having "CBB" murdered was to gain sole custody of a minor child. At a time after the meeting in the State of Louisiana, when Lorenzo believed "CBB" had indeed been murdered in the State of Alabama, Lorenzo agreed to the payment of United States currency as consideration and payment for the murder of "CBB"**. All in violation of Title 18, United States Code, Section 1958.

> Furthermore, on or about February 9, 2004, Shannon Marie Lorenzo knowingly mailed and shipped or conspired to knowingly mail and ship, in interstate or foreign commerce, child pornography. **This mailing contained knowingly false accusations regarding "CBB"'s possession of child pornography**. All in violation of Title 18, United States Code, Section 2252A(a)(1). (Emphasis added).

    5) The Eleventh Circuit, in United States v. Blas, 360 F. 3rd 1268 (11th Cir. 2004), applied the Extreme Conduct enhancement to Blas because he "knowingly subjected an

adolescent to a communicable and potential fatal, incurable disease through several sexual acts . . ." Blas at 1273.  In the instant case, Lorenzo framed her former husband with pictures of child pornography and then sought to have him murdered.  Standing alone, a knowingly false accusation of possessing child pornography is unusually degrading to an innocent victim.  Yet, coupling a false accusation of child pornography with murder is undoubtedly extreme conduct.

6)  Based upon the aforementioned, the United States respectfully requests that this Honorable Court apply a 2 level increase to defendant's sentence.  The United States requests that the defendant's offense level be increased from a level 31 to a level 33, criminal history category II.  The United States respectfully requests that this Honorable Court sentence defendant to 180 months imprisonment as agreed by the parties.

Respectfully submitted this 12th day of April, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA  )
                          )
          v.              )        CR. NO. 2:05-CR-160-LSC
                          )
SHANNON MARIE LORENZO     )


CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2006, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to Richard

Keith.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov